**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CHAPTER 11** |
| | § | |
| **REMARKABLE HEALTHCARE, LLC,**[1] | § | **CASE NO. 24-40611** |
| | § | |
| | § | **(Jointly Administered)** |
| **DEBTORS.** | § | |
| | § | |

**GLOBAL NOTES REGARDING THE DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On March 20, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under subchapter V of chapter 11 of Bankruptcy Code (the "Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Cases have been consolidated for procedural purposes only and are jointly administered under case number 24-40605.

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") were prepared by management of the Debtors. The Schedules of Assets were prepared with unaudited information available as of December 31, 2023 unless indicated otherwise. The Schedules of Liabilities were prepared with unaudited information available as of the Petition Date.

These *Global Notes Regarding the Debtors' Schedules and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in each Debtor's respective Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors, and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While reasonable efforts have been made to provide accurate and complete

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

information herein, inadvertent errors or omissions may exist.  The Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

Laurie Beth McPike has signed each set of the Schedules and Statements.  Mrs. McPike serves as the Chief Executive Officer ("CEO") of the Debtors, and she is an authorized signatory for each of the Debtors in these Cases.  In reviewing and signing the Schedules and Statements, Mrs. McPike has necessarily relied upon the efforts, statements, advice, and representations of the Debtors and their advisors.  Mrs. McPike has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

### I.  Methodology.

(a)  **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)  **Undetermined Amounts.**  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(c)  **Unliquidated Amounts.** Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(d)  **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(e)  **Paid Claims.**  The Debtors have the authority to pay certain outstanding prepetition payables pursuant to various orders entered by the Court.  The Debtors scheduled such amounts as of the Petition Date and noted such amounts contingent.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest.

(f)  **Intercompany Transfers.**  – Given the significant volume and ordinary course nature of the intercompany transactions, the Debtors have not listed all intercompany transfers and transactions. Moreover, the Debtors' intercompany transactions—intercompany receivables and payables—are just an accounting

2

function that ultimately gets netted out to zero. The Debtors are still reconciling amounts and will amend the Schedules and Statements accordingly. Nevertheless, the listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or otherwise by the Bankruptcy Court and does not include any claim of one Debtor against any other Debtor for contribution, indemnification or reimbursement. The Debtors reserve all rights with respect to such obligations.

## II.    **Specific Schedules Disclosures.**

(g)    **Schedule A/B, Part 3 – Accounts receivables.** For book purposes, accounts receivable are stated at net realizable value. The fees charged by each Debtor to patients in its facilities are recorded on an accrual basis. These fees are based on the actual amount expected to be collected and are contractually adjusted with respect to individuals receiving benefits under federal and state-funded programs and other third party payors. Additionally, the allowance for doubtful accounts is estimated based on the aging of accounts receivable, historical collections data, review of specific accounts and other factors.

(h)    **Schedule A/B, Part 7, No. 38 – Office furniture, fixtures, and equipment; and collectibles.** The Debtors list the value of office furniture, fixtures, and equipment at net book value as of the Petition Date. Certain assets are fully depreciated.

(i)    **Schedule A/B, Part 8 – Machinery, equipment, and vehicles.** The Debtors lease some equipment including, but not limited to dishwashers, beds, and various medical equipment at certain Facilities from different companies. The leases have various expiration dates and monthly payment amounts, and are not owned by the Debtors. The Debtors also own certain trucks and trailers used in the day to day operations of the business. Certain assets are fully depreciated. Value of assets are shown at net book value as of the Petition Date.

(j)    **Schedule A/B, Part 9 – Real Property.** The Debtors lease all of their real properties and, as such, the properties' value have been marked as undetermined and it has no value for the Debtors.

(k)    **Schedule D – Creditors Who Have Claims Secured by Property.** The Debtors have made reasonable efforts to report secured claims against the Debtors on Schedule D based on the Debtors' books and records as of the Petition Date.  The approximately $2.4 million listed as secured debt applies in total to all of the Debtors.

Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security

interests, have not been listed on Schedule D. The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

(l)   **Schedule E/F – Creditors Who Have Unsecured Claims.**

In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date.

*Part 2 - Creditors with Nonpriority Unsecured Claims.* The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors in Schedule E/F, Part 2, based upon the Debtors' books and records as of the Petition Date. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities, which have been listed on a gross accounts payable basis, may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Moreover, creditors that are listed as unliquidated are so listed because the Schedules show the amount known to the Debtors at the Petition Date, but the Debtors are still in the process of logging invoices as they are received.

Pursuant to the *Interim* [Dkt. No. 37], and *Final Order Authorizing the Payment of (I) Certain Prepetition Workforce Claims, including wages, salaries, and other compensation, (II) Certain Employee Benefits and Confirming the Right to Continue Employee Benefits on Postpetition Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll Related Taxes, (V) Worker's Compensation Obligations, and (VI) Prepetition Claims Owing to Administrators and Third Party Providers* [Dkt. No. 58] (together the "Wages Orders"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for wages, salaries, and other compensation, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or wage-related obligations that the Debtors were granted authority to pay pursuant to any order that has been entered by the Bankruptcy Court, including the Wages Orders.

(m)   **Schedule G – Executory Contracts and Unexpired Leases.** The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time

as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

The names of employees and home addresses have been redacted for privacy purposes.

Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission.  Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility.  The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

### III.   **Specific Statements Disclosures.**

(n)     **Statements, Part 2, Question 4 – Payments and Transfers to Certain Insiders within 1 year before the filing.**  The Debtors reported payments to non-officer insiders within the year prior to the Petition Date.  Please see response to Question 30 for officer payments and distributions within the year prior to the Petition Date.  The Debtors reserve all rights with respect to the determination or status of a person as an "insider" as defined in section 101(13) of the Bankruptcy Code.

(o)     **Statements, Part 13, Questions 28 and 29 – Current and Former Officers and Directors.**  While the Debtors have made reasonable best efforts to list all applicable officers and directors for each Debtor in response to Statement Questions 28 and 29, some may have been omitted.  Disclosures relate specifically to terminated job titles or positions and are not indicative of the individuals' current employment status with the Debtors.

(p)     **Statement, Part 13, Question 26d –** The Debtors are currently marketing for potential lenders and the list is extensive; therefore, the Debtors have not listed all potential lenders here, but have listed those that are most relevant. Nevertheless, for additional information on potential lenders, please contact Debtors' counsel.

(q)     **Statements, Part 13, Question 31 -** The Debtors are treated as independent entities that file taxes separately.

*       *       *       *       *

END OF GLOBAL NOTES

| Debtor Name | **Remarkable Healthcare, LLC** |
|---|---|
| **United States Bankruptcy Court for the Eastern District of Texas** | |
| Case number (if known): | **24-40611** |

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

### Part 1:    Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*    (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*.................................................................................

$0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*...............................................................................

$528,943.66

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*...................................................................................

$528,943.66

### Part 2:    Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property*    (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D..........................

$2,400,000.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims*    (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*..............................................

$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*......................................

**+**    $13,595.94

4. **Total liabilities** .........................................................................................................
Lines 2 + 3a + 3b

$2,413,595.94

| Debtor Name | **Remarkable Healthcare, LLC** |
| --- | --- |
| **United States Bankruptcy Court for the Eastern District of Texas** | |
| Case number (if known): | **24-40611** |

☐ Check if this is an
amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property                                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on  *Schedule G: Executory Contracts and Unexpired Leases*    (Official Form 206G).

Be complete and accurate as possible. If more space is needed, attach a separate spreadsheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | | | **Current value of debtor's interest** |
| --- | --- | --- | --- |
| 2. **Cash on hand** | | | |

3. **Checking, savings, money market, or financial brokerage accounts**

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1 | Regions Bank | Checking | *4029 | $93,237.54 |
| 3.2 | Regions Bank | Checking | *6533 | $13,963.67 |
| | | | | Bank Balances as of March 29, 2024 |
| 4. | **Other cash equivalents** | | | |

| 5. | **Total of Part 1** | $107,201.21 |
| --- | --- | --- |
| | Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | |

| Part 2: | Deposits and prepayments |
| --- | --- |

Debtor  Remarkable Healthcare, LLC                                    Case Number (if known) 24-40611

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of
debtor's interest**

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

9. **Total of Part 2**
   Add lines 7 through 8.  Copy the total to line 81.

| Part 3: | Accounts Receivable |
|---------|---------------------|

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of
debtor's interest**

11. **Accounts receivable**

11a. 90 days old or less:  _____ - _____ =
                          face amount        doubtful or uncollectible accounts

11b. Over 90 days old:    _____ - _____ =
                          face amount        doubtful or uncollectible accounts

12. **Total of Part 3**
    Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| Part 4: | Investments |
|---------|-------------|

Debtor  Remarkable Healthcare, LLC                                    Case Number (if known) 24-40611

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds of publicly traded stocks not included in Part 1** <br> Name of fund or stock: | | |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** <br> Name of entity:                          % of ownership: | | |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** <br> Describe: | | |

17. **Total of Part 4**
    Add lines 14 through 16. Copy the total to line 83.

**Part 5:**  **Inventory, excluding agricultural assets**

18. **Does the debtor own any inventory (excluding agricultual assets)?**

    ☑ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw Materials** | | | | |
| 20. **Work in progress** | | | | |

Debtor  Remarkable Healthcare, LLC

Case Number (if known) 24-40611

21. **Finished goods, including goods held for resale**

22. **Other inventory or supplies**

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

☐ No.

☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes.     Book Value $ _____     Valuation Method _____     Current Value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops - either planted of harvested** | | | |

Debtor  Remarkable Healthcare, LLC                                        Case Number (if known) 24-40611

29. **Farm animals**
    Examples: Livestock, poultry, farm-raised fish

30. **Farm machinery and equipment**
    (Other than titled motor vehicles)

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6**
    Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

    **Is any of the debtor's property stored at the cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

Debtor  Remarkable Healthcare, LLC                                    Case Number (if known) 24-40611

☐ No.

☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1  Office and Computer Equipment | $36,257.67 | Net Book Value | $36,257.67 |

42. **Collectibles**
Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**                                                                                          **$36,257.67**
Add lines 39 through 42.  Copy the total to line 86.

Debtor  Remarkable Healthcare, LLC                                    Case Number (if known) 24-40611

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☑ Yes.

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles** | | | |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels | | | |
| 49. **Aircraft and accessories** | | | |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

51.  **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

Debtor  Remarkable Healthcare, LLC

Case Number (if known) 24-40611

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 9:      Real property**

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| | | | | |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.

☐ Yes.

Debtor  Remarkable Healthcare, LLC                                    Case Number (if known) 24-40611

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 10:       Intangibles and intellectual property**

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61.  **Internet domain names and websites** | | | |
| 62.  **Licenses, franchises, and royalties** | | | |
| 63.  **Customer lists, mailing lists, or other compilations** | | | |
| 63.1   Patient List | Undetermined | N/A | Undetermined |
| 64.  **Other intangibles, or intellectual property** | | | |
| 65.  **Goodwill** | | | |

66.  **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.

Official Form 206A/B                    **Schedule A/B: Assets - Real and Personal Property**                    Page 9

Debtor  Remarkable Healthcare, LLC                              Case Number (if known) 24-40611

67. **Do your lists or records include personally identifiable information of customers?**

☐ No.
☑ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

**Current value of
debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

_____  -  _____  =
Total face amount       Doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

Debtor  Remarkable Healthcare, LLC                                    Case Number (if known) 24-40611

| | | |
|---|---|---|
| 73.1 | See attached Exhibit AB73 | $385,484.78 |

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

| | | |
|---|---|---|
| **Nature of claim** | Breach of contract, tort and equitable theories against Alleon Capital | Undetermined |
| **Amount Requested** | Undetermined | |
| **Nature of claim** | Potential malpractice claim against Carrington, Coleman, Sloman & Blum | Undetermined |
| **Amount Requested** | Undetermined | |

**75.** **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**Nature of claim**

**Amount Requested**

**76.** **Trusts, equitable or future interests in property**

**77.** **Other property of any kind not already listed**
Examples: Season tickets, country club membership

**78.** **Total of Part 11.**
Add lines 71 through 77.  Copy the total to line 90.                             $385,484.78

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

Debtor  Remarkable Healthcare, LLC                                    Case Number (if known) 24-40611

**Part 12:**    **Summary**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.**    *Copy line 5, Part 1.* | $107,201.21 | |
| 81. | **Deposits and prepayments.**    *Copy line 9, Part 2.* | | |
| 82. | **Accounts receivable.**    *Copy line 12, Part 3.* | | |
| 83. | **Investments.**    *Copy line 17, Part 4.* | | |
| 84. | **Inventory.**    *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.**    *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.**    *Copy line 43, Part 7.* | $36,257.67 | |
| 87. | **Machinery, equipment, and vehicles.**    *Copy line 51, Part 8.* | | |
| 88. | **Real Property.**    *Copy line 56, Part 9.* | | |
| 89. | **Intangibles and intellectual property.**    *Copy line 66, Part 10.* | | |
| 90. | **All other assets.**    *Copy line 78, Part 11.* | $385,484.78 | |

| | | | | | |
|---|---|---|---|---|---|
| 91. | **Total.**  Add lines 80 through 90 for each column. | 91a. | $528,943.66 | **+** 91b. | $0.00 |

| | | |
|---|---|---|
| 92. | **Total of all property on Schedule A/B.**   Lines 91a + 91b = 92................................................................ | $528,943.66 |

# SCHEDULES OF ASSETS AND LIABILITIES

## EXHIBIT FOR SCHEDULE AB

## PART 11, QUESTION 73

## INTERESTS IN INSURANCE POLICIES OR ANNUITIES

**Remarkable Healthcare, LLC**
**Case No. 24-40611**
**Schedule AB 73. Interests in insurance policies or annuities**

| Insurance Carrier | Policy Term | Policy Number | Current Value of Debtor's Interest |
|---|---|---|---|
| Arch Specialty Insurance Company | 5/12/2023-5/12/2024 | ESP1045915-00 | $ 100,203.38 |
| Axis Surplus Insurance Company | 5/12/2023-5/12/2024 | EAF667038-23 | $ 52,987.13 |
| Great American Fidelity Insurance Company | 5/12/2023-5/12/2024 | CPP E991431 00 | $ 85,776.19 |
| Hudson Excess Insurance Company | 4/1/2024-4/1/2025 | HFF1001382406 | $ 63,741.94 |
| James River Insurance Company | 5/12/2023-5/12/2024 | 00143804-0 | $ 27,018.19 |
| Kinsale Insurance Company | 5/12/2023-5/12/2024 | 0100240868-0 | $ 37,143.45 |
| Navigators Specialty Insurance | 5/12/2023-5/12/2024 | GA23HABZ0E7KCIC | $ 18,614.50 |
| **Total** | | | **$ 385,484.78** |

| Debtor Name | **Remarkable Healthcare, LLC** |
|---|---|

**United States Bankruptcy Court for the Eastern District of Texas**

Case number (if known):    **24-40611**

☐ Check if this is an
amended filing

<u>Official Form 206D</u>

## Schedule D - Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules.  Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Amount of Claim<br>Do not deduct the<br>value of collateral | Value of collateral<br>that supports this<br>claim |
|---|---|---|---|

**2.1**

**Creditor's name**

ALLEON CAPITAL PARTNERS

**Creditor's mailing address**

1086 TEANECK RD, STE 4D
TEANECK, NJ 07666

**Creditor's email address, if known**

**Date debt was incurred**  06/017/2019

**Last four digits of
account number**

**Do multiple creditors have an interest in the same property?**

☒ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

☒ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes.  The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

All Borrower's present and future Accounts, Chattel Paper, Goods (including Inventory and Equipment), Instruments, Investment Property, Documents, and General Intangibles, Letter of Credit Rights, Commercial Tort Claims, Deposit Accounts, the Billing Reserve Cash Collateral, and the proceeds thereof.

**Describe the lien**

Certain Loan and Security Agreement

**Is the creditor an insider or related party?**

☒ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

☒ Contingent

☒ Unliquidated

☒ Disputed

$2,400,000.00       $7,799,061.90

| **3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $2,400,000.00 |
|---|---|

| Debtor Name | **Remarkable Healthcare, LLC** |
|---|---|

**United States Bankruptcy Court for the Eastern District of Texas**

Case number (if known): **24-40611**

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F - Creditors Who Have Claims Unsecured Claims

12/15

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:   List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☐ No. Go to Part 2.
☒ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.**   If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

**2.1**  **Priority creditor's name and mailing address**
EMPLOYEES

| As of the petition filing date, the claim is: | **UNKNOWN** | **UNKNOWN** |
|---|---|---|

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
WAGES, SALARIES, COMMISSIONS

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4    )

**2.2**  **Priority creditor's name and mailing address**
INTERNAL REVENUE SERVICE
C/O CENTRALIZED INSOLVENCY OPERATION
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

| As of the petition filing date, the claim is: | **UNKNOWN** | **UNKNOWN** |
|---|---|---|

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
TAXES AND OTHER GOVERNMENTAL UNITS

**Last 4 digits of account number   5142**

**Is the claim subject to offset?**
☒ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 8    )

Debtor Name   **Remarkable Healthcare, LLC**   Case number (if known): **24-40611**

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

**Amount of claim**

---

**3.1** | **Nonpriority creditor's name and mailing address**

DEARBORN NATIONAL
36788 EAGLE WAY
CHICAGO, IL 60678-1367

As of the petition filing date, the claim is:    $188.70

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

Basis for the claim:
TRADE PAYABLE

**Last 4 digits of account number**

Is the claim subject to offset?
☑ No
☐ Yes

---

**3.2** | **Nonpriority creditor's name and mailing address**

ELITE DISCOVERY, INC
400 N SAINT PAUL ST
DALLAS, TX 75201-6881

As of the petition filing date, the claim is:    $1,477.09

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

Basis for the claim:
TRADE PAYABLE

**Last 4 digits of account number**

Is the claim subject to offset?
☑ No
☐ Yes

---

**3.3** | **Nonpriority creditor's name and mailing address**

ENGIE RESOURCES
P.O. BOX 841680
DALLAS, TX 75284-1680

As of the petition filing date, the claim is:    $10,694.86

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

Basis for the claim:
TRADE PAYABLE

**Last 4 digits of account number**

Is the claim subject to offset?
☑ No
☐ Yes

---

**3.4** | **Nonpriority creditor's name and mailing address**

EXPONENT TECHNOLOGIES, INC
ATTN: ACCOUNTS RECEIVABLE
4970 LANDMARK PL
DALLAS, TX 75254

As of the petition filing date, the claim is:    $821.67

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

Basis for the claim:
HR/PAYROLL VENDOR PROVIDER

**Last 4 digits of account number**

Is the claim subject to offset?
☑ No
☐ Yes

---

| 3.5 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $30.00 |
|---|---|---|---|

NEW BENEFITS LTD
P.O. BOX 803475
DALLAS, TX 75380-3475

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
EMPLOYEE BENEFITS

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 3.6 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $249.75 |
|---|---|---|---|

POINTCLICK CARE TECHNOLOGIES INC
P.O. BOX 674802
DETROIT, MI 48267

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
IT SERVICES

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 3.7 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $133.87 |
|---|---|---|---|

RINGCENTRAL

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
FAX LINES PROVIDER

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

| Debtor Name | **Remarkable Healthcare, LLC** | Case number (if known) **24-40611** |
|---|---|---|

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors**

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| **Name and mailing address** | **On which line in Part1 or Part 2 is the related creditor (if any) listed?** | **Last 4 digits of account number, if any** |
|---|---|---|

Debtor Name    **Remarkable Healthcare, LLC**    Case number (if known): **24-40611**

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**    $0.00

**5b. Total claims from Part 2**    $13,595.94

**5c. Total claims of Parts 1 and 2**    $13,595.94
  Lines 5a + 5b = 5c

| | |
|---|---|
| Debtor Name | **Remarkable Healthcare, LLC** |
| **United States Bankruptcy Court for the Eastern District of Texas** | |
| Case number (if known): | **24-40611** |

☐ Check if this is an
amended filing

<u>Official Form 206G</u>
## Schedule G: Executory Contracts and Unexpired Leases
12/15

**Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| | | | |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | UTILITY<br>141<br>COLLEYVILLE TELEPHONE/CABLE | AT&T<br>C/O AT&T BUSINESS<br>ATTN: NANCY NORDING<br>P.O. BOX 6463<br>CAROL STREAM, IL 60197-6463 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | UTILITY<br>1625<br>NB LOFT TELEPHONE/CABLE | AT&T<br>C/O AT&T BUSINESS<br>P.O. BOX 6463<br>CAROL STREAM, IL 60197-6463 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | EXECUTORY CONTRACT (VENDOR)<br>2293.9 | AT&T MOBILITY<br>P.O. BOX 6463<br>CAROL STEAM, IL 60197-6463 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | UTILITY<br>5809<br>TELEPHONE SERVICES | AT&T MOBILITY<br>C/O AT&T BUSINESS<br>P.O. BOX 6463<br>CAROL STREAM, IL 60197-6463 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | UTILITY<br>316<br>COLLEYVILLE ELECTRICITY | ENGIE<br>P.O. BOX 841680<br>DALLAS, TX 75284-1680 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

Debtor Name    **Remarkable Healthcare, LLC**    Case number (if known): **24-40611**

**Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

List all contracts and unexpired leases

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| **2.6** | State what the contract or lease is for and the nature of the debtor's interest | ASSIGNMENT AND ASSUMPTION OF LEASE AGREEMENT AND SECURITY AGREEMENT | GMP DALLAS NH, LTD<br>16055 SPACE CENTER BLVD, STE 235<br>HOUSTON, TX 77062-6212 |
| | State the term remaining | 11/17/2022 | |
| | List the contract number of any government contract | | |
| **2.7** | State what the contract or lease is for and the nature of the debtor's interest | LEASE AGREEMENT AND SECURITY AGREEMENT | GMP DALLAS NH, LTD<br>16055 SPACE CENTER BLVD, STE 235<br>HOUSTON, TX 77062-6212 |
| | State the term remaining | 3/9/2012 | |
| | List the contract number of any government contract | | |
| **2.8** | State what the contract or lease is for and the nature of the debtor's interest | ASSIGNMENT AND ASSUMPTION OF LEASE AGREEMENT AND SECURITY AGREEMENT | GUADALUPE NH DEVELOPMENT, LTD<br>610 TOWNSON AVE<br>FT SMITH, AR 72902 |
| | State the term remaining | 11/17/2022 | |
| | List the contract number of any government contract | | |
| **2.9** | State what the contract or lease is for and the nature of the debtor's interest | LEASE AGREEMENT AND SECURITY AGREEMENT | GUADALUPE NH DEVELOPMENT, LTD<br>610 TOWNSON AVE<br>FT SMITH, AR 72902 |
| | State the term remaining | 7/8/2010 | |
| | List the contract number of any government contract | | |
| **2.10** | State what the contract or lease is for and the nature of the debtor's interest | EXECUTORY CONTRACT (VENDOR)<br>2047.75 | KALIBER DATA SECURITY & COMPLIANCE<br>50 FRANKLIN ST, STE 3A<br>BOSTON, MA 02110 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| **2.11** | State what the contract or lease is for and the nature of the debtor's interest | ASSIGNMENT AND ASSUMPTION OF LEASE AGREEMENT AND SECURITY AGREEMENT | KRS CARROLLTON, LLC<br>11610 BEE CAVES RD, STE 220<br>AUSTIN, TX 78738-5457 |
| | State the term remaining | 11/17/2022 | |
| | List the contract number of any government contract | | |

Debtor Name   **Remarkable Healthcare, LLC**   Case number (if known): **24-40611**

**Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

List all contracts and unexpired leases

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| 2.12 | State what the contract or lease is for and the nature of the debtor's interest | **ASSIGNMENT AND ASSUMPTION OF LEASE AGREEMENT AND SECURITY AGREEMENT** | **KRS DALLAS, LLC**<br>**11610 BEE CAVES RD, STE 220**<br>**AUSTIN, TX 78738-5457** |
| | State the term remaining | 11/17/2022 | |
| | List the contract number of any government contract | | |
| 2.13 | State what the contract or lease is for and the nature of the debtor's interest | **ASSIGNMENT AND ASSUMPTION OF LEASE AGREEMENT AND SECURITY AGREEMENT** | **KRS FORT WORTH, LLC**<br>**11610 BEE CAVES RD, STE 220**<br>**AUSTIN, TX 78738-5457** |
| | State the term remaining | 11/17/2022 | |
| | List the contract number of any government contract | | |
| 2.14 | State what the contract or lease is for and the nature of the debtor's interest | **ASSIGNMENT AND ASSUMPTION OF LEASE AGREEMENT AND SECURITY AGREEMENT** | **KRS SEGUIN, LLC**<br>**11610 BEE CAVES RD, STE 220**<br>**AUSTIN, TX 78738-5457** |
| | State the term remaining | 11/17/2022 | |
| | List the contract number of any government contract | | |
| 2.15 | State what the contract or lease is for and the nature of the debtor's interest | **ASSIGNMENT AND ASSUMPTION OF LEASE AGREEMENT AND SECURITY AGREEMENT** | **MUSTANG NH, LLC**<br>**P.O. BOX 2207**<br>**FT SMITH, AR 72902** |
| | State the term remaining | 11/17/2022 | |
| | List the contract number of any government contract | | |
| 2.16 | State what the contract or lease is for and the nature of the debtor's interest | **LEASE AGREEMENT AND SECURITY AGREEMENT** | **MUSTANG NH, LLC**<br>**P.O. BOX 2207**<br>**FT SMITH, AR 72902** |
| | State the term remaining | 3/13/2013 | |
| | List the contract number of any government contract | | |
| 2.17 | State what the contract or lease is for and the nature of the debtor's interest | **UTILITY**<br>**150**<br>**NB LOFT ELECTRICITY** | **NEW BRAUNFELS UTILITIES**<br>**P.O. BOX 660**<br>**SAN ANTONIO, TX 78293** |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

| Debtor Name | **Remarkable Healthcare, LLC** | Case number (if known): **24-40611** |

**Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.18 | State what the contract or lease is for and the nature of the debtor's interest | UTILITY<br>73<br>COLLEYVILLE WATER | PAID THROUGH MONTHLY RENT<br>ATTN: ACCOUNTING<br>1700 PACIFIC AVE, STE 1650<br>DALLAS, TX 75201 |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.19 | State what the contract or lease is for and the nature of the debtor's interest | UTILITY<br>61<br>NB LOFT WATER | PAID THROUGH MONTHLY RENT<br>ATTN: LEASING OFFICE<br>144 LANDA ST<br>NEW BRAUNFELS, TX 78130 |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.20 | State what the contract or lease is for and the nature of the debtor's interest | EXECUTORY CONTRACT (VENDOR)<br>216.13 | POINTCLICK CARE TECHNOLOGIES INC<br>P.O. BOX 674802<br>DETROIT, MI 48267 |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.21 | State what the contract or lease is for and the nature of the debtor's interest | UTILITY<br>254<br>NB LOFT CABLE | TIME WARNER CABLE<br>P.O. BOX 60074<br>CITY OF INDUSTRY, CA 91716 |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.22 | State what the contract or lease is for and the nature of the debtor's interest | ASSIGNMENT AND ASSUMPTION OF LEASE AGREEMENT AND SECURITY AGREEMENT | WAG DEVELOPMENT, LTD<br>610 TOWNSON AVE<br>FT SMITH, AR 72902 |
| | State the term remaining<br>List the contract number of any government contract | 11/17/2022 | |
| 2.23 | State what the contract or lease is for and the nature of the debtor's interest | LEASE AGREEMENT AND SECURITY AGREEMENT | WAG DEVELOPMENT, LTD<br>610 TOWNSON AVE<br>FT SMITH, AR 72902 |
| | State the term remaining<br>List the contract number of any government contract | 12/13/2010 | |

Debtor Name    **Remarkable Healthcare, LLC**

**United States Bankruptcy Court for the Eastern District of Texas**

Case number (if known):    **24-40611**

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply** |
| 2.1  JON MCPIKE | 904 EMERALD BLVD<br>SOUTHLAKE, TX 76092 | Alleon Capital Partners | ☒ D<br>☐ E/F<br>☐ G |
| 2.2  LAURIE BETH MCPIKE | 904 EMERALD BLVD<br>SOUTHLAKE, TX 76092 | Alleon Capital Partners | ☒ D<br>☐ E/F<br>☐ G |

| **Debtor Name** | Remarkable Healthcare, LLC |
|---|---|
| **United States Bankruptcy Court for the Eastern District of Texas** | |
| **Case Number:** 24-40611 | |

<u>Official Form 202</u>

## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.**

| **Declaration and signature** |
|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*     (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*     (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*     (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206 G)

☑ *Schedule H: Codebtors*     (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*     (Official Form 206Sum)

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*
  (Official Form 204)

☐ *Other document that requires a declaration*

I, the Chief Executive Officer of the Remarkable Healthcare, LLC, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 27 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on:  4/16/2024                    Signature _____/s/ Laurie Beth McPike_____

            MM / DD / YYYY                              Laurie Beth McPike

                                          Printed Name

                                              Chief Executive Officer

                                          Title